# COMPLAINT

FILED
2021 SEP 17 09:21 AM
KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE #: 21-2-12357-7 SEA

IN THE SUPERIOR COURT OF WASHINGTON
IN AND FOR KING COUNTY

| | |
|---|---|
| ELISABETH DISCHEL,<br><br>Plaintiff<br><br>v.<br><br>STANDARD INSURANCE COMPANY,<br><br>Defendant. | No.<br><br>COMPLAINT FOR VIOLATION OF WASHINGTON'S INSURANCE FAIR CONDUCT ACT; VIOLATION OF WASHINGTON'S CONSUMER PROTECTION ACT; TORTIOUS BAD FAITH HANDLING OF INSURANCE CLAIM; AND BREACH OF CONTRACT<br><br>**JURY DEMAND** |

COMES NOW THE PLAINTIFF, Elisabeth Dischel, and alleges as follows:

## I. NATURE OF ACTION

This action arises from Defendant Standard Insurance Company's denial of Plaintiff's application for disability benefits under an insurance policy Defendant sold to Plaintiff. Plaintiff alleges that benefit denial violated the Washington Insurance Fair Conduct Act, RCW 48.30.015; violated the Washington Consumer Protection Act, RCW 19.86 *et seq.*; constituted the tort of bad faith handling of an insurance claim; and violated the terms of the insurance contract.

COMPLAINT - 1

## II. JURISDICTION AND VENUE

2.1  This Court has jurisdiction over the parties to this action and over the subject matter.

2.2  Venue is proper pursuant to RCW 4.12.020 and/or RCW 4.12.025.

## III. PARTIES

3.1  Plaintiff Elisabeth Dischel is an adult residing in Seattle, Washington.

3.2  Defendant Standard Insurance Company is a foreign corporation engaged in the business of insurance and authorized to sell insurance in Washington State.

## IV. FACTUAL ALLEGATIONS

4.1  Defendant Standard Insurance Company is a wholly-owned subsidiary of StanCorp Financial Group, Inc., which is a wholly-owned subsidiary of Meiji Yasuda Life Insurance Company.

4.2  Defendant is engaged in trade or commerce and conducts business in the State of Washington including within King County, and is authorized to sell insurance in Washington State.

4.3  In 2014 Defendant sold Plaintiff a "Protector Platinum Insurance Policy," Policy No. 00CC371800 ("the Protector Platinum Insurance Policy" or "the Policy"). This insurance policy purportedly provided disability insurance benefits in the event Plaintiff became partially or totally disabled under its terms.

4.4  Plaintiff bought the Protector Platinum Insurance Policy in order to protect herself and her child from financial harm and distress in the event she became unable to work due to illness or injury.

4.5  The Protector Platinum Insurance Policy states in relevant part, "**Disability/Disabled** means that you are either Totally Disabled or Partially Disabled."

4.6 The Protector Platinum Insurance Policy further states in relevant part:

**Total Disability/Totally Disabled** means that, due to your Injury or Sickness:

- You are unable to perform the Substantial And Material Duties of your Own Occupation; and

- You are under the care of a Physician appropriate for the Injury or Sickness.

4.7 The Protector Platinum Insurance Policy further states in relevant part:

**Initial Period of Partial Disability:** This is the Benefit Waiting Period and the first six months that Disability Benefits are payable for Partial Disability.

During this period, Partial Disability means you are not Totally Disabled and:

- You are working in your Own Occupation or any other occupation; and

- Due to your Injury or Sickness, you have a Loss Of Duties, or a Loss Of Time, or a Loss Of Income; and

- You are under the care of a Physician appropriate for the Injury or Sickness.

4.8 The Protector Platinum Insurance Policy further states in relevant part:

**Loss Of Duties** means you are able to perform some but not all Substantial And Material Duties.

**Loss of Time** means you are able to do all Substantial And Material Duties but unable to do them for at least 20% of the time you spent in your Own Occupation prior to the date of Disability.

**Loss of Income** means that your Monthly Earnings is 80% or less of your Indexed Predisability Earnings.

**Extended Partial Disability:** After the Initial Period, Partial Disability means you are not Totally Disabled and:

- You are working in your Own Occupation or any other occupation; and

- Due to your Injury or Sickness, you have a Loss Of Income; and

COMPLAINT - 3

- You are under the care of a Physician appropriate for the Injury or Sickness.

4.9  The Protector Platinum Insurance Policy further states in relevant part, "**Sickness** means an illness or disease which first manifests itself after the Policy Effective Date and while this policy is in force."

4.10  The Protector Platinum Insurance Policy further states in relevant part, "**Substantial And Material Duties** means the usual duties that are essential to your ability to perform in your Own Occupation."

4.11  The Protector Platinum Insurance Policy further states in relevant part, "**Own Occupation** means the occupation or occupations which you are regularly engaged in at the time your Disability begins."

4.12  On or about September 30, 2019, Plaintiff became Partially Disabled under The Protector Platinum Insurance Policy in that, while working in her Own Occupation, she had a Loss of Duties and/or a Loss of Time and/or a Loss of Income due to Sickness, as those terms are defined in the Policy.

4.13  On or about June 26, 2020, Plaintiff became Totally Disabled under The Protector Platinum Insurance Policy in that, due to Sickness, she became unable to perform the Substantial and Material Duties of her Own Occupation, as those terms are defined in the Policy.

4.14  Plaintiff applied for benefits under The Protector Platinum Insurance Policy.

4.15  Defendant denied Plaintiff's application for benefits, on or about September 30, 2020.

4.16  Defendant advised Plaintiff that she could request that it "review" its decision to deny her application for benefits.

COMPLAINT - 4

4.17 On or about February 2, 2021, Plaintiff submitted a written request to Defendant that it review and reverse its decision to deny her application for benefits. In support of her request, Plaintiff submitted medical records, statements from her health care providers, and other documentation demonstrating that she was disabled under the Policy.

4.18 On or about March 17, 2021, Defendant advised Plaintiff that it would not reverse its decision to deny her application for benefits under the Policy.

4.19 Plaintiff was partially disabled under the Policy from on or about September 30, 2019 through on or about June 26, 2020.

4.20 Plaintiff became Totally Disabled under the Policy on or about June 26, 2020, and has remained Totally Disabled under the Policy's terms since that time in that, due to Sickness, she has been unable to perform the Substantial and Material Duties of her Own Occupation, as those capitalized terms are defined in the Policy.

4.21 In denying Plaintiff's application for benefits, Defendant breached various insurance statutes and insurance regulations of Washington State.

4.22 In denying Plaintiff's application for benefits, Defendant breached the contract that is the Policy.

4.23 Defendant had fiduciary duties to Plaintiff.

4.24 Defendant had a duty to Plaintiff to fairly evaluate her claim.

4.25 Defendant had a duty to Plaintiff to effectuate a prompt, fair, and equitable resolution of her claim.

4.26 Defendant had a duty to act in good faith towards Plaintiff, and to give at least equal consideration to her interests as it did to its own.

4.27 Defendant breached its duties to Plaintiff, including the duties identified above.

COMPLAINT - 5

4.28  Defendant failed to give at least equal consideration to Plaintiff's interests as it did to its own.

4.29  Defendant failed to adopt and implement reasonable standards for the prompt investigation and evaluation of claims arising under insurance policies, including the Policy at issue.

4.30  Defendant unreasonably failed to conduct a thorough and/or reasonable investigation of Plaintiff's claim and or failed to objectively investigate her claim.

4.31  Defendant used improper standards to deny Plaintiff's claim.

4.32  Defendant unreasonably interpreted the language of the Policy.

4.33  Defendant knew Plaintiff was disabled and that it was obligated to pay her benefits under the Policy.

4.34  Notwithstanding its knowledge of its obligation to pay Plaintiff benefits under the Policy, Defendant has failed and refused to do so.

4.35  Defendant did not attempt in good faith to effectuate a prompt, fair and equitable resolution of Plaintiff's claim even though the obligation to do so was reasonably clear and despite the fact that Plaintiff was disabled under the terms of the Policy.

4.36  Defendant unreasonably compelled Plaintiff to initiate litigation to recover the benefits due her under the Policy.

4.37  Defendant used personnel who lacked adequate training and experience to evaluate Plaintiff's claim.

4.38  Defendant unreasonably engaged in a selective review of the evidence Plaintiff presented, in an effort to minimize the evidence supporting an award of benefits while focusing exclusively on evidence supporting the denial of benefits.

COMPLAINT - 6

4.39  Defendant's decision to deny Plaintiff disability insurance benefits was not based on the existence of a genuine dispute, and that decision lacked a reasonable basis.

4.40  Defendant's decision to deny Plaintiff disability insurance benefits was arbitrary, capricious, not supported by substantial evidence, and clearly erroneous.

4.41  Defendant's decision to deny Plaintiff disability insurance benefits was unreasonable, frivolous and unfounded.

4.42  Defendant, as a matter of custom and practice, unreasonably and in bad faith denies disability insurance benefits it owes to its insureds.

4.43  Defendant misrepresent its business through advertising and take advantage of insureds' lack of information and familiarity with the claims process in order to deny valid claims and reduce claim payments.

4.44  Plaintiff is informed and believes that Defendant has a pattern and practice of engaging in unfair claims practices.

4.45  Defendant puts its interests above those of the people whom it insures.

4.46  Defendant's conduct affects the public interest.

4.47  Defendant's acts and omissions have damaged Plaintiff in her business and/or property, and proximately caused her harm, including pecuniary harm, consequential and extra-contractual damages and general damages including without limitation anxiety, worry, mental pain and emotional distress, all to her general damage in an amount to be shown at trial.

4.48  Plaintiff complied with the notice requirements of the Washington Insurance Fair Conduct Act with respect to her claim under that statute as described and plead below.

/ / / / /

/ / / / /

COMPLAINT - 7

# V. STATEMENT OF CLAIMS

5.1 <u>Violation of Washington Insurance Fair Conduct Act</u>:

5.1.1 Plaintiff re-alleges each of the allegations set forth above.

5.1.2 Plaintiff is a "first party claimant," as that term is defined by the Washington Insurance Fair Conduct Act, RCW 48.30.015, and as that term is defined by Washington Administrative Code 284-30-320(6), with respect to the "Protector Platinum Insurance Policy" No. 00CC371800 Defendant sold her.

5.1.3 Defendant unreasonably denied Plaintiff's claim for payment of benefits under the Protector Platinum Insurance Policy.

5.1.4 Defendant's acts and omissions as described herein constitute violations of the Washington Insurance Fair Conduct Act.

5.1.5 Defendant's acts and omissions as described herein constitute unreasonable conduct pursuant to RCW 48.30.015(3).

5.1.6 Defendant's acts and omissions as described herein constitute a breach of its duty of good faith and fair dealing to its insureds, which breach constitutes and/or gives rise to a cause of action under RCW 48.30.015.

5.1.7 As a proximate result of Defendant's unreasonable denial of Plaintiff's claim for benefits, Plaintiff has suffered damages in an amount to be determined at trial, including, but not limited to, the fair and reasonable amount of compensation to which she is entitled under the Policy.

5.1.8 Defendant is additionally liable for actual damages caused by its unreasonable denial and violations of WAC 284-330, together with the costs of the action, including

COMPLAINT - 8

reasonable attorney's fees and litigation costs and including expert witness fees and three times the actual damages, pursuant to Washington's Insurance Fair Conduct Act, RCW 48.30.015.

5.1.9   Plaintiff complied with the notice requirements of the Washington Insurance Fair Conduct Act, by providing Defendant notice of the basis for her claim, and providing such notice to the Office of the Insurance Commissioner.

5.2   <u>Violation of the Washington Consumer Protection Act</u>:

5.2.1   Plaintiff re-alleges each of the allegations set forth above.

5.2.2   Defendant violated fair claims practices set forth in the Washington Administrative Code by, among other acts and omissions, failing to act reasonably with respect to her claims arising under the Policy; failing to adopt and implement reasonable standards for the prompt investigation of claims; failing to conduct a reasonable investigation of Plaintiff's claim; not attempting in good faith to effectuate prompt, fair and equitable settlement of her claim despite the fact that liability was and is reasonably clear; using biased vendors and/or biased physicians to obtain reports supporting benefit denial; and compelling her to initiate litigation to recover amounts due under the Policy by denying benefits under that policy.

5.2.3   Defendant put its interests above those of insureds, including the interests of Plaintiff.

5.2.4   Defendant has deliberately retained the money that it ultimately must pay to Plaintiff in order to earn income on that money for a longer time.

5.2.5   Defendant's acts and omissions, as set forth above and as will be demonstrated at trial, constitute unfair and deceptive acts or practices in trade or commerce.

5.2.6   Defendant's acts and omissions, as set forth above and as will be demonstrated at trial, affect the public interest.

COMPLAINT - 9

5.2.7 Defendant's acts and omissions, as set forth above and as will be demonstrated at trial, caused Plaintiff damages.

5.2.8 Defendant's acts and omissions, as set forth above and as will be demonstrated at trial, constitute a violation of Washington's Consumer Protection Act, RCW 19.86 *et seq.*, and pursuant to RCW 19.86.090 Defendant is liable to Plaintiff for all injuries caused thereby.

5.3 <u>Tortious Bad Faith Handling of Insurance Claim</u>:

5.3.1 Plaintiff re-alleges each of the allegations set forth above.

5.3.2 Defendant has a duty to act in good faith towards its insureds, and to deal fairly with its insureds.

5.3.3 By virtue of the Policy there is and was an implied covenant of good faith and fair dealing which required Defendant to deal in good faith and fairly with Plaintiff in handling her claim; to refrain from doing anything to injure her right to receive the benefits of the Policy; and which required Defendant to give at least as much consideration to Plaintiff's interests as it gave to its own.

5.3.4 Defendant's acts and omissions, as alleged herein, are a breach of its duty to act in good faith and to deal fairly with insureds, including Plaintiff.

5.3.5 Defendant's acts and omissions, including but not limited to denying Plaintiff disability benefits despite clear liability to do so; putting its interests above those of insureds, including Plaintiff; and retaining the money that it ultimately must pay Plaintiff in order to earn interest and other income on that amount for a longer time, constitute the tort of insurance bad faith.

5.3.6 Defendant's failure to act in good faith toward, and to deal fairly with, Plaintiff proximately caused Plaintiff to suffer injuries and damages as will be established at trial.

COMPLAINT - 10

5.4 Breach of Contract:

5.4.1   Plaintiff re-alleges each of the allegations set forth above.

5.4.2   Defendant entered into a valid and binding contract with Plaintiff to provide her disability benefits should she become disabled under the terms of the Policy.

5.4.3   Plaintiff became disabled under the terms of the Policy and is entitled to benefits under that Policy.

5.4.4   Washington's insurance statutes and insurance regulations are deemed to be part of the insurance contract.

5.4.5   Violation of an insurance statute or an insurance regulation, or the terms of the insurance contract, is a breach of the insurance contract.

5.4.6   Defendant's acts and omissions constitute a breach of its contract with Plaintiff, "Protector Platinum Insurance Policy" No. 00CC371800.

5.4.7   Defendant's breach of its contract proximately caused Plaintiff damages including loss of the benefits she was entitled to, and other damages to be established at trial.

## VI. PRAYER FOR RELIEF

Plaintiff prays for entry of judgment against Defendant as follows:

6.1   That this Court declare that Plaintiff became partially disabled under the Policy on or about September 30, 2019, and entitled to receive disability benefits under the Policy from that date forward.

6.2   That this Court declare that Plaintiff became totally disabled under the Policy on or about June 26, 2020, and entitled to receive total disability benefits under the Policy from that date forward.

6.3   That this Court order Defendant to pay Plaintiff the disability benefits owing under the Policy from on or about September 30, 2019 through the entry of judgment.

6.4   That this Court order Defendant to pay Plaintiff prejudgment interest on all disability benefits accrued and unpaid at the time of trial.

6.5   That Plaintiff be awarded all damages proximately caused by Defendant's breach of the insurance contract, in an amount to be determined at trial.

6.6   That this Court order Defendant to pay Plaintiff disability benefits under the Policy so long as she continues to remain disabled under the Policy's terms.

6.7   That Plaintiff be awarded the actual damages she sustained as a result of Defendant's violation of Washington's Insurance Fair Conduct Act, in an amount to be determined at trial, and that the Court increase the total award of damages to an amount three times the actual damages.

6.8   That Plaintiff be awarded the actual damages she sustained as a result of Defendant's violation of the Washington Consumer Protection Act, in an amount to be determined at trial and to pay treble damages for its violation of that Act.

6.9   That Plaintiff be awarded all damages proximately caused by Defendant's tortious bad faith conduct, in an amount to be determined at trial.

6.10   That Plaintiff be awarded all damages proximately caused by Defendant's breach of the insurance contract, in an amount to be determined at trial.

6.11   That Plaintiff be awarded her costs of the action, including reasonable attorneys' fees and litigation costs, and actual and statutory litigation costs, including expert witness fees, pursuant to RCW 48.30.015.

COMPLAINT - 12

6.12  That Plaintiff be awarded her costs of suit, including attorneys' fees, pursuant to RCW 19.86.090.

6.13  That Plaintiff be awarded her attorney's fees and costs to the extent permitted by any other law including without limitation under the authority of *Olympic Steamship Co. v. Centennial Ins. Co.*, 117 Wn.2d 37, 811 P.2d 673 (1991), and the common law.

6.14  That Plaintiff be awarded any additional and further relief which this Court finds just and equitable.

## VII.  JURY DEMAND

Plaintiff requests this matter be tried to a jury of six.

DATED this 17th day of September 2021.

LAW OFFICE OF MEL CRAWFORD

By /s/ Mel Crawford
Mel Crawford, WSBA # 22930
Attorney for Plaintiff
melcrawford@melcrawfordlaw.com

COMPLAINT - 13